UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>and<br><br>FEDERAL BUREAU OF INVESTIGATION<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>      Defendants. | Case No. 1:22-cv-01336 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiff JANE DOE brings this action against Defendants Department of Justice ("DOJ") and its component the Federal Bureau of Investigation ("FBI") for injunctive and other appropriate relief, seeking the immediate processing and release to Ms. DOE of agency records requested by Ms. DOE pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. 552a. Defendants have violated FOIA by failing to respond to Ms. DOE's request within the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information. Ms. DOE has been seeking the withheld information for more than ▮▮ years in an effort to ensure that her children receive qualified ▮▮▮▮ care and ▮▮▮▮▮▮▮▮ counseling to address harm suffered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Information withheld by DOJ and the FBI contains evidence of the harm. The persistent denial of that information to Ms. DOE▮▮▮

███████████████ a victim of the assault herself—has hampered, and continues to hamper, her efforts to obtain for her children necessary ongoing care and medical attention, and has further harmed the children in the family law system.

Ms. DOE has endeavored to obtain the withheld records without exposing to the public the details of the abusive incident and the ongoing effects on her children's health and wellbeing. Her position is that a crime victim or protective parent of a victimized child should be able to obtain unredacted agency records and corroborating evidence for purposes of ██████ care, other medical care, and legal protection. Ms. DOE seeks to obtain access to evidence in the FBI's sole possession, which is necessary for her children's medical ████████ care. DOJ refused to provide a single document pursuant to the Privacy Act, which could have permitted Ms. DOE access to necessary evidence of harm ████████ without making such evidence public. She renews her request that these records be provided in unredacted form directly to her or her counsel.

Without any other recourse to obtain the withheld records necessary to obtain for her children qualified ██████ and other medical care ████████████████, Ms. DOE has no choice but to file the instant action so that Ms. DOE and her children may receive their records. The FBI and DOJ should protect vulnerable and victimized individuals, including by providing them records from crimes they experienced and reported, rather than withholding records and interfering with their efforts to seek medical care and legal protection.

## PARTIES

1. Plaintiff JANE DOE is an individual residing in ████████████████.

2. Defendant DOJ is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). Defendant DOJ is headquartered at 950 Pennsylvania Avenue

NW, Washington, DC 20530.  Defendant DOJ has possession, custody, and control of the documents that Ms. DOE seeks in response to Ms. DOE's FOIA request sent to its component agency, FBI.

3. Defendant FBI is a component of DOJ.  FBI is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  FBI has possession, custody, and control of the documents that Ms. DOE seeks in response to Ms. DOE's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Because Defendants failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), Ms. DOE has constructively exhausted her administrative remedies and is entitled to proceed with this judicial action pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

6. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

7. In ▬▬▬▬, Ms. DOE, her then-husband JOHN DOE, and their children (all minors at the time), traveled on ▬▬▬▬ from ▬▬ to their home in ▬▬▬, stopping ▬▬▬▬▬.

8. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, Mr. DOE ▬▬▬ and ▬▬▬ assaulted ▬▬▬ and ▬▬▬▬.

9. In response to a referral from Los Angeles County Department of Children and Family Services, agents with the FBI's Los Angeles Field Office opened an investigation into the ▬▬▬ assault aboard the flights, which continued on the tarmac ▬▬▬▬, based on the federal jurisdiction conveyed by 49 U.S.C. § 46506, which makes it a federal crime to commit assault on an aircraft in the special aircraft jurisdiction of the United States in violation of 18

3

U.S.C. §§ 113(a)(4) and (a)(5).  As part of its investigation, the FBI conducted interviews of Ms. DOE, the minor children, and others.

10. Because some of the events occurred during the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮, the FBI's Los Angeles field office informed Ms. DOE that the FBI field office in ▮▮▮▮▮▮▮ would also open an investigation into the incident.  Ms. DOE was never contacted by anyone in the ▮▮▮▮▮▮▮ field office.

11. In ▮▮▮▮▮▮▮▮▮, an FBI Public Affairs Specialist publicly announced that the FBI was closing its investigation of the incident without further action.  Despite being both a victim of the ▮▮▮▮▮ assault while unable to leave an in-flight aircraft, ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ms. DOE was not informed of the FBI's closure of the investigation prior to the public statement, nor was she informed of the FBI's reasons for closing the investigation or making the unusual decision to publicly announce the closure of the investigation, despite the statutory obligation to provide victims earliest possible notice of the status of an investigation.  See 34 U.S.C. § 20141(c)(3)(A).

12. In an attempt to better understand the FBI's investigation and obtain the requested information to ensure that her children received ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Ms. DOE filed a FOIA request on ▮▮▮▮▮▮▮▮▮ for the FBI's investigative file of the in-air incident.

13. The FBI responded on ▮▮▮▮▮▮▮▮▮▮.  That response was redacted extensively, and the FBI withheld 55 pages of the file in their entirety on various grounds, including purported law enforcement sensitivity.

14. As a result of the continuous denial of records pertaining to the incident, on ▮▮▮▮▮▮▮▮▮, Ms. DOE and her oldest son (no longer a minor) again sought access to the underlying FBI records, jointly filing a FOIA and Privacy Act request seeking records related to

the ▮ in-air incident (the "Request"). A true and correct copy of the Request is being filed under seal as Exhibit A.[1]

15. On ▮, 2021, nearly six months after the Request was submitted, the FBI responded by withholding 45 pages in full and extensively redacting the 91 pages that it did release. The FBI claimed that the withheld information was subject to certain FOIA and Privacy Act exemptions. A true and correct copy of the FBI's ▮, 2021 response (hereinafter, the "FBI's 2021 FOIA Response") is being filed under seal as Exhibit B.

16. More than ▮ years after the ▮ and the FBI's investigation of the same, Ms. DOE and her children still do not have a clear picture of how the FBI handled the matter, nor any better understanding as to why it was abruptly closed without any advance notice to ▮, who continue to be affected by the FBI's unusual public statement closing the investigation and announcing that charges would not be filed against Mr. DOE. As one example, the FBI's public statement has served as a basis for the widely-reported claim that the FBI exonerated and "cleared" Mr. DOE. The FBI did not, in fact, clear Mr. DOE of wrongdoing. The FBI's 2021 FOIA Response demonstrates, among other things, that the FBI Special Agent in charge of investigating whether Mr. DOE committed a federal crime prepared a statement of probable cause (which has been withheld in full by the FBI) and presented it to the Assistant United States Attorney and the Chief of the Criminal Division at the United States Attorney's Office in Los Angeles ("USAO-LA"). *See* Ex. B at 72-73, 78. This misstatement has contributed to the ongoing harm ▮ by delegitimizing their

---

[1] The exhibits to this Complaint, if filed publicly, would substantially jeopardize the privacy interests of the children discussed herein. On that basis, and pursuant to *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), Ms. DOE, by separate motion, respectfully requests that the Court accept the Complaint Exhibits for filing under seal.

experience, making it difficult to demonstrate in ongoing family law proceedings ▮

▮, and allowing Mr. DOE to rely on the misstatement

▮

17. FOIA requires agencies to provide access to records responsive to a FOIA request, subject to nine statutory exemptions. 5 U.S.C. §§ 552(a)(3), (b)(1)-(9).

18. If an agency asserts that exemptions allow it to withhold portions of responsive records, it must still release "[a]ny reasonably segregable portion of a record[.]" 5 U.S.C. § 552(b); *Stolt-Nielsen Transp. Grp. Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008).

19. In addition to appropriate redactions of the children's names and personal identifying information to protect their privacy, the FBI's 2021 FOIA Response improperly withholds 45 pages in full, contains overbroad redactions, asserts inapplicable exemptions, fails to include responsive information, and reflects an inadequate search and response, in violation of FOIA.

20. As an example of the overbreadth of the FBI's redactions, in the FBI's 2021 FOIA Response, the FBI withheld in its entirety the statement of probable cause drafted by the FBI Special Agent in charge of the investigation and presented to federal prosecutors at the USAO-LA before the USAO-LA declined to prosecute the matter. *See* Ex. B at 72-73, 78. The statement of probable cause almost certainly contained responsive and segregable information not subject to FOIA exemptions, such as facts present elsewhere in the FBI's 2021 FOIA Response and citations to applicable criminal law, yet it was withheld in full.

21. On ▮, 2021, Ms. DOE appealed the FBI's partial denial of the Request (the "Appeal"). In the Appeal, Ms. DOE argued the inadequacy of the FBI's search and

6

response and the inapplicability of the claimed exemptions. A true and correct copy of the Appeal is being filed under seal as Exhibit C.

22. On ▮▮▮▮ 2021, DOJ's Office of Information Policy confirmed receipt of the Appeal. A true and correct copy of the ▮▮▮▮ 2021 letter is being filed under seal as Exhibit D.

23. On ▮▮▮▮ 2021, Ms. DOE sent a follow-up letter to DOJ's Office of Information Policy requesting an expeditious adjudication of her appeal ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A true and correct copy of the ▮▮, 2021 letter is being filed under seal as Exhibit E.

24. To date, Ms. DOE has received no further response from DOJ or the FBI related to the Appeal.

25. The consistent, years-long denial of access to records pertaining to an incident in which ▮▮▮▮▮▮▮▮▮▮ were directly involved and harmed, and about which the FBI took the unusual step of publicly announcing its closure decision, has severely hampered Ms. DOE's efforts over the past ▮▮ years to allow her children to receive ▮▮▮▮ care and ▮▮▮▮ counseling, and have subjected the children to harm in the family law system.

26. The records that Ms. DOE is seeking the FBI to release in unredacted or far less heavily redacted form in compliance with FOIA are critical to her efforts to obtain medical and ▮▮▮▮ care for her children and protect the children in the family law system, and should be released to her without further delay.

## CAUSES OF ACTION:  FAILURE TO COMPLY WITH FOIA

27. Ms. DOE incorporates each of the foregoing paragraphs of this Complaint.

28. Pursuant to FOIA, 5 U.S.C. § 552(a), Ms. DOE has a statutory right to access requested agency records.

29.     DOJ and the FBI have failed to comply with the time limits prescribed by FOIA, which require agencies to respond to administrative appeals within twenty (20) business days.  5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

30.     DOJ and the FBI have failed to conduct a reasonable search for records responsive to the Request.

31.     DOJ and the FBI have failed to properly respond to Ms. DOE's Request.

32.     DOJ and the FBI have failed to take reasonable steps to release all reasonable segregable nonexempt information.

33.     DOJ and the FBI have failed to not withhold responsive records.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. DOE respectfully requests that this Court enter a judgment for Ms. DOE and award the following relief:

a.  Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's Request, including but not limited to the case file reflecting the investigation conducted by the FBI's Los Angeles field office including Agent ▮▮▮▮, and any records relating to or reflecting investigation by the FBI's ▮▮▮▮▮▮▮ field office;

b.  Order Defendants, by a date certain, to demonstrate that they have conducted an adequate search;

c.  Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to the Request for the children's health and legal protection, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d.  Enjoin Defendants from withholding the requested records from Plaintiff;

8

  e. Award Plaintiff its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

  f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

April 15, 2022          Respectfully submitted,

                */s/ Amanda Kramer*
                Amanda Kramer
                COVINGTON & BURLING LLP
                The New York Times Building
                620 8th Avenue
                New York, NY 10018
                (212) 841-1223
                akramer@cov.com

                Molly Doggett (D.C. Bar No. 888325224)
                COVINGTON & BURLING LLP
                One CityCenter
                850 Tenth Street NW
                Washington, DC 20001
                (202) 662-5354
                mdoggett@cov.com

                ATTORNEYS FOR PLAINTIFF JANE DOE