UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 22-1336 (RDM) |
| U.S. DEPARTMENT OF JUSTICE *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants the Department of Justice ("Department") and Federal Bureau of Investigation ("FBI"), through undersigned counsel, respectfully submit the following Answer to Plaintiff's Amended Complaint (ECF No. 17) brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations in the Amended Complaint, including relief sought, are denied except when specifically admitted herein. Defendants deny, or otherwise avers as follows.

## INTRODUCTION[1]

The first sentence of the Introduction characterizes Plaintiff's cause of action under the FOIA, to which a response is not necessary. As for the remaining allegations, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the introductory paragraphs; the allegations in the introductory paragraphs are not relevant to the litigation at issue; or the introductory paragraphs include Plaintiff's characterization of this

---

[1] For reference, Defendants replicate the headings and parenthetical subheadings contained in the Amended Complaint herein. Although Defendants believes that no response is required to such headings and subheadings, to the extent a response is deemed required, Defendants deny the allegations contained in such headings and subheadings.

litigation to which a response is not required.  To the extent a response is required, Defendants deny the allegations in the introductory paragraphs.

## PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.

2.      The Department admits only that it is a federal executive department headquartered in Washington D.C.

3.      Defendant FBI admits that it is a component of the Department.  Defendant FBI denies the location cited by Plaintiff of FBI Headquarters.  FBI Headquarters is located at 935 Pennsylvania Ave., N.W., Washington, D.C. 20535.  The remainder of paragraph 3 contains Plaintiff's characterization of the records requested and a response is not required.  To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

4.      Paragraph 4 consists of Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants aver only that this Court has subject matter jurisdiction over proper claims brought under FOIA.

5.      Paragraph 5 contains Plaintiff's conclusions of law to which a response is not required.  To the extent a response is required, Defendants deny the allegations.

6.      Paragraph 6 consists of conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendants aver that this Court is a proper venue for proper claims brought under the FOIA.

## STATEMENT OF FACTS

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

9.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph

contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.  Regarding the allegations in Paragraph 12 pertaining to the referenced FOIA request, Defendants aver that a FOIA request was submitted via email dated November 22, 2016, by then legal counsel to Plaintiff to the Department of Justice.  The records requested were those in the FBI's investigative file of Mr. John Doe in an incident that occurred on September 14, 2016, onboard a private plane.

13.     Deny. Defendants admit that the FBI released in part or in full 53 pages of records out of 108 pages of records reviewed in its May 19, 2017, release.  Defendants deny all other allegations in this paragraph and refer the Court to Defendants' response for a full and complete statement of its contents.

14.     The FBI admits that via letter dated August 31, 2020, Plaintiff's then-counsel submitted a FOIA and Privacy Act request for eight categories of records related to the onboard private plane incident that occurred on September 14, 2016.  As to the remainder, Defendant FBI either denies all other allegations in this paragraph or lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph. Defendants refer the Court to Plaintiff's FOIA request for a full and complete statement of its contents.

15.     The FBI admits that it released in part or in full 91 pages of records out of 136 pages of records reviewed in its February 23, 2021, release.  Defendant FBI denies all other allegations in this paragraph, and refers the Court to the FBI's response for a full and complete statement of its contents.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

17.     Paragraph 17 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

18.     Paragraph 18 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

19.     Paragraph 19 consists of Plaintiff's conclusions of law and characterizations of the FBI's response, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

20.     Paragraph 20 consists of Plaintiff's conclusions of law and characterizations of the FBI's response, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

21.     Defendants admit that Plaintiff submitted an appeal on March 29, 2021. Defendants refer the Court to Plaintiff's appeal for a full and complete statement of its contents, and deny any allegations inconsistent therewith.

22.     Defendants admit that the Office of Information Policy confirmed receipt of the appeal. Defendants refer the Court to Plaintiff's appeal for a full and complete statement of its contents, and deny any allegations inconsistent therewith.

23.     Defendants admit that Plaintiff sent a subsequent communication regarding her appeal to the Office of Information Policy. Defendants refer the Court to Plaintiff's communication for a full and complete statement of its contents, and deny any allegations inconsistent therewith.

24.     Admit.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

26.     The first part of this Paragraph characterizes Plaintiff's cause of action in this FOIA case, to which a response is not necessary. As for the remaining portion of the Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and also aver that the allegations contained in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. Defendants also deny that Plaintiff is entitled to any relief whatsoever, including releasing of documents without further delay.

## CAUSE OF ACTION: FAILURE TO COMPLY WITH FOIA

27.     Defendants repeat and re-allege their responses to Paragraphs 1-27 of the Amended Complaint.

28.      Paragraph 28 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

29.      Paragraph 29 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

30.      Paragraph 30 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

31.      Paragraph 31 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

32.      Paragraph 32 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

33.      Paragraph 33 consists of Plaintiff's conclusions of law, to which no response is required. Should a response be deemed required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of the Amended Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Amended Complaint and deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

In further response to the Amended Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part for failure to administratively exhaust remedies.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that they exceed the relief authorized under FOIA.

## THIRD DEFENSE

Plaintiff is not entitled to compel the release of information protected from disclosure by one or more of the exemptions to the FOIA.

## FOURTH DEFENSE

Plaintiff has not demonstrated any entitlement to attorneys' fees and costs.

## FIFTH DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time to complete processing.

Dated: September 23, 2022
      Washington, D.C.             Respectfully submitted,

                                     MATTHEW M. GRAVES, D.C. Bar No. 481052
                                     United States Attorney

                                     BRIAN P. HUDAK
                                     Chief, Civil Division

                 By:      */s/ Brenda González Horowitz*
                                     BRENDA GONZÁLEZ HOROWITZ
                                     D.C. Bar No. 1017243
                                     Assistant United States Attorney
                                     U.S. Attorney's Office, Civil Division
                                     601 D St., N.W.
                                     Washington, D.C. 20530
                                     Tel: (202) 252-2512
                                     Brenda.Gonzalez.Horowitz@usdoj.gov

                                     *Attorneys for the United States*