**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JANE DOE,

        Plaintiff,

v.

DEPARTMENT OF JUSTICE, *et al.*,

        Defendants.

Civ. A. No. 22-1336 (RDM)

**JOINT STATUS REPORT**

Pursuant to the Court's September 23, 2022, and October 17, 2022 Minute Orders,

Plaintiff JANE DOE and Defendants the Department of Justice and Federal Bureau of

Investigation ("FBI") (collectively, "the government") respectfully submit this joint status report

apprising the Court of the progress in this Freedom of Information Act, 5 U.S.C. § 552,

("FOIA") litigation with respect to any documents still to be produced, an anticipated schedule

for processing and producing any such documents, and any substantive areas of disagreement

between the parties.

On October 6, 2022, counsel for all parties conferred regarding the status of any

outstanding documents.  Counsel for the government explained that the FBI is currently working

to reprocess Plaintiff's August 31, 2020 FOIA/Privacy Act request (the "2020 FOIPA Request")

to identify whether additional records are subject to disclosure.  In addition to reprocessing the

government's prior disclosure, the FBI is reviewing policies and written procedures and will

produce responsive information in its possession.  The government indicated that the FBI plans

to produce responsive documents in two tranches, the first in December 2022 (likely to be

comprised of the results of the reprocessing) and the second in January 2023 (likely to be

comprised of policies and written procedures).  The government indicated that an earlier disclosure schedule would not be possible.

Plaintiff requested that the government (1) ensure that the collection of potentially responsive documents is complete because, in Plaintiff's assessment, the prior disclosure appeared to contain material drawn from the investigative file only; (2) disclose to Plaintiff the number of pages the FBI is reviewing to ensure that any completeness concerns may be promptly addressed; and (3) provide descriptions or a draft index of any documents that are withheld in their entirety.  Plaintiff is awaiting a response from the government on the first two requests itemized above.  As to the third request, the government has not agreed to provide a draft index at this time in view of the fact that the records are still being processed.

The parties respectfully set forth individual positions relating to government counsel's October 6 statements regarding the FBI's handling of Plaintiff's requests for policies and written procedures in the 2020 FOIPA Request.  Plaintiff's position, supported by two attorneys' contemporaneous notes, is that counsel for the government stated, in sum and substance, that the FBI did not respond to the Plaintiff's requests for policies and written procedures in the 2020 FOIPA Request, and that counsel for the government did not know the reason those materials had not been processed and reviewed.  After the October 6 meet and confer, counsel for the government stated by email, in relevant part, "The FBI can't say with certainty that the policies were not previously reviewed."

The government disputes Plaintiff's characterizations regarding the government's representations to the extent Plaintiff attempts to indicate that the FBI has failed to fulfill its statutory obligations under FOIA, and in particular with respect to Plaintiff's request regarding policies and written procedures, if any.  During the parties' meet and confer, counsel for the

government indicated that the reason for the anticipated release dates in December and January

was due to the agency's backlog of requests and workload, not due to the fact that the policies

and procedures needed to be reviewed for the first time rather than reprocessed.  Counsel for the

government noted only that the FBI anticipated that the December production would likely

contain materials from the investigative file, which has previously been provided to Ms. Doe,

and would be reprocessed in light of the current litigation.  On October 17, 2022, counsel for the

government clarified Ms. Doe's understanding regarding the processing and productions of the

2020 request for policies and procedures, noting that undersigned is not aware, and therefore did

not previously represent, that the FBI had never processed the requested materials regarding the

policies and procedures.[1]  There is clear disagreement between the parties on this point, but

ultimately, the FBI has indicated that it will produce responsive materials in its possession to

Plaintiff, including any responsive policies and procedures.

[Remainder of page intentionally left blank.]

---

[1] The parties sincerely apologize to the Court for the missed filing deadline, and will address their
efforts on October 14, 2022 at the status conference on October 21, 2022.

Case 1:22-cv-01336-RDM   Document 20   Filed 10/17/22   Page 4 of 4

Plaintiff and the government expect to confer again on any substantive disagreements following the government's productions in December and January.

October 17, 2022

Respectfully submitted,

 /s/ *Amanda Kramer*
Amanda Kramer
COVINGTON & BURLING LLP
The New York Times Building
620 8th Avenue
New York, NY 10018
(212) 841-1223
akramer@cov.com

Molly Doggett (D.C. Bar No. 888325224)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-5354
mdoggett@cov.com

*ATTORNEYS FOR PLAINTIFF JANE DOE*

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ *Brenda González Horowitz*

BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
601 D St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2512
Brenda.Gonzalez.Horowitz@usdoj.gov

*Attorneys for the United States*